(993 P.2d 650)

No. 82,216

MICHAEL D. JORDAN, *Plaintiff,* and FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellant,* v. CASE CORPORATION, f/k/a CASE EQUIPMENT CORPORATION, TENNACO EQUIPMENT CORPORATION, J. I. CASE COMPANY, CUMMINS ENGINE COMPANY, INC., and FARMLAND INDUSTRIES, INC., *Appellees.*

Opinion filed December 23, 1999.

*Daniel D. Metz,* of Metz and Crangle, Chartered, of Lincoln, for the appellant.

*Heather S. Woodson,* of Stinson, Mag & Fizzell, P.C., of Leawood, for appellee Case Corporation.

*Gregory N. Pottorff* and *Hal D. Meltzer,* of Turner & Boisseau, Chartered, of Overland Park, for appellee Cummins Engine Company, Inc.

Before LEWIS, P.J., BUCHELE, S.J., and CHARLES E. WORDEN, District Judge, assigned.

LEWIS, J.: Michael D. Jordan purchased a Case combine with a Cummins engine in 1992 for an amount in excess of $108,000. The combine was under an expressed warranty for 1 year, and the Cummins engine was under an extended warranty for 2 years. Jordan also insured the combine against loss by fire with Farm Bureau Mutual Insurance Company, Inc. (Farm Bureau), which is the subrogee of Jordan. The combine and engine were destroyed in a fire along with Jordan's unharvested wheat.

The fire was allegedly caused by the Cummins engine in the combine. Farm Bureau paid Jordan $108,000 for his loss, and Jordan has been paid the balance of his uninsured loss by Case Corporation (Case). Farm Bureau, acting as Jordan's subrogee,

brought the present action to recover its insurance payment to Jordan. The trial court granted summary judgment to defendants. Farm Bureau appeals.

We affirm.

We note that Jordan, the purchaser of the combine, has been paid the full loss he suffered in the fire. As a result, Jordan is a party to this action only as the subrogor of Farm Bureau, which is his subrogee.

In its suit against defendants, Farm Bureau alleged that the Cummins engine was defective and caused the fire. It sought to recover based on claims against defendants of implied warranty, strict liability, negligence, and res ipsa loquitur.

The trial court granted summary judgment to defendants on the basis of our decision in *Koss Construction v. Caterpillar, Inc.*, 25 Kan. App. 2d 200, 960 P.2d 255, *rev. denied* 265 Kan. 885 (1998). We agree with the trial court that *Koss* controls and that it requires that we affirm the summary judgment entered in favor of defendants. *Koss* held that a purchaser of defective goods could not sue in negligence or strict liability where the only injury was damages to the goods themselves. 25 Kan. App. 2d 200, Syl. ¶ 2.

The parties do not dispute the facts; the only question before the court involves questions of law over which our review is unlimited. See *Hartford Accident & Indem. Co. v. American Red Ball Transit Co.*, 262 Kan. 570, 574, 938 P.2d 1281 (1997). In this case, all parties agree that Farm Bureau's subrogor purchased a combine with a Cummins engine. All parties basically agree that the Cummins engine was the cause of the fire which destroyed the combine and the unharvested wheat crop. In view of our decision in *Koss*, the only question we must determine is whether the engine in the combine was a component part of the combine or a separate product.

The facts of *Koss* are similar to the facts of this case. Koss purchased a Caterpillar roller from a dealer. A year after the roller was purchased, it caught fire and was damaged. Koss sued the dealer and Caterpillar, alleging the fire was caused by defective hydraulic hoses; Koss sued for damage to the roller, alleging strict liability, negligence, an breach of implied warranty. In this case, Jordan

purchased a Case combine from a dealer. That combine caught fire and was destroyed along with Jordan's unharvested wheat. Jordan's subrogee, Farm Bureau, seeks to recover only for the damage to the combine, alleging strict liability, negligence, res ipsa loquitur, and breach of warranty. The principles set out in *Koss* are controlling; the damage to Jordan's combine was a pure economic loss, and it cannot be recovered in tort.

Farm Bureau argues that the engine was not a component part of the combine and, for that reason, *Koss* does not apply. We disagree. We hold that as a matter of law, the Cummins engine was a component part of the combine. We also conclude that Farm Bureau seeks to recover damages for an injury which consisted only of damage to the combine itself. Under the rule in *Koss*, the buyer cannot sue in negligence or strict liability under these circumstances.

Farm Bureau also seeks to relieve itself from the burdens of *Koss* by arguing we should limit *Koss* to "commercial buyers of defective goods." We do not agree. *East River S.S. Corp. v. Transamerica Deleval*, 476 U.S. 858, 871-73, 90 L. Ed. 2d 865, 106 S. Ct. 2295 (1986), relied on by *Koss*, discusses several general policies in support of applying the economic loss doctrine: (a) It encourages the party best situated to assess the risk of economic loss to insure against it; (b) it maintains a distinction between tort and contract law; and (c) it protects a party's freedom to allocate economic risks by contract. While we agree that the holdings of *Koss* and *East River* focus on "commercial buyers," the general policies followed would equally apply in a consumer transaction.

In this case, the purchaser of the combine bargained for the combine at a certain price and with certain warranty provisions. After he acquired the combine, Jordan insured against its loss. The "devastating burdens " and "public injury" suggested by the plaintiff are not found in this case.

We hold that the rule set forth by this court in *Koss* applies equally to a consumer of defective goods as well as to commercial buyers of defective goods.

Affirmed.